# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
July 16, 2014
Lyle W. Cayce
Clerk

No. 13-60755
Summary Calendar

MATTHEW HYMEL,

                                              Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; PACORINI GLOBAL SERVICES, L.L.C.; AMERICAN LONGSHORE MUTUAL ASSOCIATION, LTD.; WORKERS TEMPORARY STAFFING; and DALLAS NATIONAL INSURANCE COMPANY,

                                              Respondents

Petition for Review of an Order of the
Benefits Review Board
BRB No. 2012-0338

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:\*

    Petitioner Matthew Hymel ("Hymel") filed a claim for benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 *et seq.*, against Workers Temporary Staffing, Dallas National Insurance

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Company, Pacorini Global Services, and American Longshore Mutual Association (collectively "Respondents"), alleging that he was injured in a workplace accident when a forklift driven by a coworker struck him and temporarily knocked him unconscious. The matter proceeded to a formal hearing before the Office of Administrative Law Judges ("ALJ").

Under 33 U.S.C. § 920, "it shall be presumed, in the absence of substantial evidence to the contrary—(a) [t]hat the claim comes within the provisions of this chapter." For the presumption to apply, "a claimant must prove (1) that he or she suffered harm, and (2) that conditions existed at work, or an accident occurred at work, that could have caused, aggravated, or accelerated the condition." *Port Cooper/T. Smith Stevedoring Co., Inc. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000). If the claimant establishes a *prima facie case*, the burden shifts to the employer to rebut the presumption by presenting "substantial evidence establishing the absence of a connection between the injury and the employment." *Id.* at 288 (citing *Gooden v. Dir., Office of Workers' Comp.*, 135 F.3d 1066, 1068 (5th Cir. 1998)). "If the employer rebuts the presumption, then the issue of causation must be decided by looking at all of the evidence in the record." *Id.* "[W]hen the evidence is evenly balanced, the benefits claimant must lose." *Dir., Office of Workers' Comp. Programs v. Greenwich Collieries*, 512 U.S. 267, 281 (5th Cir. 1994).

In a thorough 19-page order, the ALJ found that Hymel met his initial burden of proof to establish a *prima facie* case and invoke the § 920(a) presumption. However, the ALJ further found that Respondents presented substantial evidence to rebut the presumption and that, weighing all of the evidence, Hymel failed to meet his burden to prove a compensable injury because he failed to prove that the workplace accident occurred.

The ALJ found that Hymel's credibility was questionable. He found that the descriptions of the accident by Hymel and Edward Kline ("Kline"), Hymel's

friend and coworker who testified that he witnessed the accident, were inconsistent. He found that Hymel initially reported four different injury dates to physicians and coworkers before he settled on the night shift on May 26, 2009. He found that Hymel's description of the accident was also inconsistent with the testimony of the other two coworkers whom Hymel claimed were present: Christopher Hock ("Hock"), the alleged forklift driver, and Giraud Green ("Green"), the alleged witness. Hock testified that he had never hit anyone with a forklift, and Green testified that he had never witnessed a forklift accident. The ALJ further found that the gangsheets and payroll records for May 26 indicated that neither Hock nor Green worked that night shift. He found that Hymel initially failed to report the injury when he saw a physician, Dr. Ehlenberger, two weeks after the alleged accident. Indeed, at that time Hymel reported that he had no new complaints and he only reported the alleged accident one month later, when he called Dr. Ehlenbeger and explained that he had forgotten to report it. These are only some of the many findings on which the ALJ relied in making its decision. Thus, the ALJ concluded: "At the most, I am left with true doubt in this case."

Hymel appealed to the Benefits Review Board ("BRB"), which affirmed the ALJ's decision, finding that it was supported by substantial evidence and in accordance with the law.

"Our review of the BRB's decision is limited in scope to considering errors of law, and making certain that the BRB adhered to its statutory standard of review of factual determinations, that is, whether the ALJ's findings of fact are supported by substantial evidence and [are] consistent with the law." *Coastal Prod. Servs., Inc. v. Hudson*, 555 F.3d 426, 430 (5th Cir. 2009) (internal quotation marks and citation omitted). "Substantial evidence is that relevant evidence—more than a scintilla but less than a preponderance—that would cause a reasonable person to accept the fact finding." *Ceres Gulf, Inc. v. Dir.,*

*Office of Workers' Comp. Programs*, 683 F.3d 225, 228 (5th Cir. 2012) (internal quotation marks and citation omitted). We review the BRB's legal conclusions de novo. *Coastal Prod. Servs.*, 713 F.3d at 430. As the factfinder, the ALJ "is exclusively entitled to assess both the weight of the evidence and the credibility of witnesses." *Ceres Gulf*, 683 F.3d at 228.

Hymel argues that three of the ALJ's factual findings are not supported by substantial evidence. First, Hymel challenges the ALJ's finding that Hymel failed to tell his physicians that in 2007 he fell from a ladder and therefore failed to provide his physicians with all of the information necessary to make an accurate diagnosis. Hymel argues that the ALJ mischaracterized the testimony upon which it based that finding by implying that one of the physicians who testified, Dr. O'Brien, reversed his initial position that the alleged forklift accident exacerbated Hymel's preexisting injuries.

The ALJ did not mischaracterize Dr. O'Brien's testimony; the ALJ stated that Dr. O'Brien noted that if he had known about the ladder accident it would have affected his diagnosis of what caused Hymel's injuries. Dr. O'Brien testified that Hymel informed him of a prior rotator-cuff injury but not of the ladder accident and that, if there had been records of the treatment Hymel received after the ladder accident, it would have made him think that the alleged forklift accident could have exacerbated Hymel's injuries but not caused them. Hymel's attempt to parse the ALJ's words is thus unavailing, and the ALJ's determination that Hymel did not provide Dr. O'Brien with all of the information necessary for a diagnosis was proper. *See Avondale Indus., Inc. v. Dir., Office of Workers' Comp. Programs*, 977 F.2d 186, 189 (5th Cir. 1992) ("[T]he ALJ's decision need not constitute the sole inference that can be drawn from the facts. . . . As fact finder, the ALJ determines questions of credibility of witnesses and of conflicting evidence.").

No. 13-60755

Second, Hymel challenges the ALJ's finding that Hymel's and Kline's descriptions of the accident were inconsistent. Hymel argues that one aspect of the descriptions—whether Hymel was hit from the back or on the left—was not in fact inconsistent because the rotating forklift could have hit Hymel both from the back and on the left side.

Putting aside that "from the back" and "on the left" are different statements, this was only one of the inconsistencies that the ALJ found in the descriptions of the accident. The ALJ found that Kline testified that Hymel was pinned to a beam, never lost consciousness, and never fell to the deck, whereas Hymel told his physicians that he was thrown ten feet into the bulkhead, fell to the deck, and lost consciousness for a few seconds. The ALJ found further that Kline stated at first that no one approached Hymel after the accident but then stated that Mr. Hock approached Hymel, whereas Hymel stated that Mr. Green saw the accident. Hymel does not challenge these findings, nor could he, as they are supported by the testimony of the witnesses. The ALJ simply weighed and made credibility determinations based on this evidence, which the ALJ alone is entitled to do. *See Ceres Gulf*, 683 F.3d at 228; *Avondale Indus.*, 977 F.2d at 189.

Third, Hymel challenges the ALJ's admission of the gangsheets and payroll records and the ALJ's finding that Hymel did not present evidence to show that they were faulty. Hymel argues that there are factual errors on the face of the gangsheets and payroll records and that some are unsigned by a supervisor.

Hymel has not shown that the ALJ's admission and consideration of the gangsheets and payroll records was an abuse of discretion. *See Tate & Lyle N. Am. Sugars, Inc. v. Bauman*, No. 00-60572, 253 F.3d 706, at *1 (5th Cir. 2001) (unpublished); *N.L.R.B. v. Gulf States United Tel. Co.*, 694 F.2d 92, 95 (5th Cir. 1982). The ALJ is not bound by the formal rules of evidence, and "admissibility

of evidence depends only on whether it is such evidence as a reasonable mind might accept as probative." *Atlantic Marine, Inc. v. Bruce*, 661 F.2d 898, 900 (5th Cir. Unit B 1981) (internal quotation marks and citation omitted); *see also Crescent Towing & Salvage Co. v. Collins*, 228 F. App'x 447, 449 (5th Cir. 2007) (unpublished) ('[T]he ALJ is not bound by the formal rules of evidence or the cases interpreting such."). Furthermore, "[w]hile the ALJ is required to address each issue with substantial evidence, the ALJ is not required to address each conflicting fact." *See Ceres Gulf, Inc. v. Dir., Office of Workers' Comp. Programs*, 544 F. App'x 451, 455 (5th Cir. 2013) (unpublished) (citing *H.B. Zachry Co. v. Quinones*, 206 F.3d 474, 480 (5th Cir. 2000)). Four witnesses testified as to the accuracy and reliability of the gangsheets and payroll records. Moreover, Hymel himself relied on the gangsheets and payroll records to identify the date of his last night shift, which he remembered as the date of the alleged injury. Finally, the ALJ noted that the information between the gangsheets and payroll records was consistent and that, in any event, "the testimonies of Mr. Green and Mr. Hock denying witnesses or being involved in a forklift accident injuring Claimant stand on their own to support Employer/Carrier's argument."

The BRB did not err in concluding that the ALJ's findings were supported by substantial evidence and in accordance with the law. Moreover, the few findings that Hymel challenges comprise only a small portion of the substantial evidence that supports the ALJ's conclusion that Respondents rebutted the § 20(a) presumption and that, weighing the evidence, Hymel failed to meet his burden to prove that a workplace accident occurred.

We AFFIRM the decision of the Benefits Review Board.